New England Trust Company of Boston, Trustee *vs.* Henry Brown.

JANUARY 16, 1922.

Present:  Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Wills.  Vested Interest.  Income.*

Where the full enjoyment of a vested interest is postponed until the beneficiary arrives at his majority, unless the will shows an intention that the income upon such vested interest shall be accumulated and not paid to the beneficiary until he reaches his majority, he is entitled to receive the same as and when it accrues.

Bill in Equity for construction of will and instructions.

Sweetland, C. J.  This is a bill brought by the trustee named in the will of Mary Elizabeth Woodhull Perry, late of the town of Middletown, deceased, for the construction of certain trust provisions contained in said will and for instructions.  The cause being ready for hearing for final decree has been certified to this court for determination.

The testatrix died on December 10, 1910.  Her will was duly probated.  The executors after paying certain bequests and fully administering the estate turned over the

residue to the complainant to be held by it in trust in accordance with the terms of the will. The provisions of the trust, material to the question before us, are as follows: The complainant as trustee is directed first, to invest said residue and from the income to pay to three persons named "an annuity of two thousand dollars each for and during the term of each of their lives," second, "to pay unto Anna Charlotte Moser Fuller if living, and if not living to pay unto her children in equal shares, an annuity of five thousand dollars for the term of ten years" after the death of the testatrix, third, to pay to eight persons named, if living, an annuity of one thousand dollars each for the term of ten years after the death of the testatrix, fourth, to add any remaining income to the principal of the trust during the term of ten years after the death of the testatrix. That portion of Clause XXVI of the will, with regard to the construction of which the question before us arises, is as follows: "Clause XXVI. At the end of the term of ten years from my death said trustee shall pay over the principal of said trust fund (other than such portion as may be necessary to retain, if any, to pay the three annuities) discharged of all trust in equal shares to those of the following named persons who may be living at that time, namely." The testatrix then names forty-eight persons. "In the event that either of the above named parties shall not have arrived at the age of twenty one years the said trustee shall retain his or her share until he or she shall have arrived at said age."

Upon the payment to it of the residue of the testatrix's estate the complainant proceeded to administer the trust in accordance with its provisions. The period of the ten year annuities ended on December 10, 1920. Before that time one of the life annuitants had died. Subsequent to December 10, 1920, after setting aside a portion of the trust estate sufficient to pay the annuities to the two life annuitants then surviving, the trustee divided the trust fund remaining in its hands into as many equal shares as there were bene-

ficiaries mentioned in said Clause XXVI who were living on December 10, 1920, at the termination of the period of ten years from the death of the testatrix. To each of the beneficiaries named in said clause who was living on December 10, 1920, and who had arrived at the age of twenty-one years the complainant, trustee, has paid or is ready to pay one of said equal shares. The share of any beneficiary, living on December 10, 1920, who at that time had not arrived at the age of twenty-one years the complainant retained, awaiting the time when such beneficiary should attain that age. The respondent Henry Brown, one of the beneficiaries named in said clause, is still a minor and the trustee has retained his share.

The respondent claims that until his majority he is entitled to receive the income of his share, so retained, as such income accrues. The trustee is in doubt as to its duty in that regard and has in its bill asked for instructions upon that point. Also said complainant in open court has withdrawn its request for instructions upon other matters.

The interest of the respondent in his share is vested. Unless the will shows an intention on the part of the testatrix that the income upon such vested interest should be accumulated and not paid to the respondent until he reaches his majority, he is entitled to receive the same as and when it accrues. This is in accord with the rule approved by this court as to income arising upon a vested interest when by the terms of its creation the full enjoyment of such vested interest is postponed. *Rogers* v. *Rogers*, 11 R. I. 38 at 76; *Butler* v. *Butler*, 40 R. I. 425; *Aldrich* v. *Aldrich*, 43 R. I. 179.

The amount of the respondent's share was fixed at the time of the division of the trust fund, at the end of the ten year period. It was vested although the time of payment was deferred. The right to the income upon this vested interest is also vested in the respondent. The will contains no express provision that the payment of the vested income as well as the vested principal shall be postponed; and such

intention on the part of the testatrix will not be inferred in the absence of some provision in the will from which an inference of such intention may fairly be deduced. The complainant calls our attention to the provisions that during the ten year period the surplus of income over the amount required to pay the annuities should be added to the principal. The complainant urges that this indicates a general scheme of the testatrix with regard to income, which would require its accumulation upon the respondent's share until the time for payment of the share arrived. There is not such a connection between the two matters as to warrant the inference which the complainant would have us draw. During the ten year period the paramount purpose of the testatrix was that there should be sufficient income from the trust estate to satisfy the annuities, and she might well require that any surplus of income should go to augment the principal the better to insure the fulfillment of that purpose, in any contingency. Whatever may have been the testatrix's purpose, however, in providing that surplus income should be added to the principal of the trust estate during the ten year period, that provision furnishes no sufficient basis for the assumption that the testatrix intended, what she has not expressed, that the income on the respondent's vested share should be accumulated.

Our conclusion is that until the respondent arrives at the age of twenty-one years, and until his share is paid to him by said trustee, the respondent is entitled to receive the income upon said share as and when it accrues. During the respondent's minority such payments should be made to the respondent's guardian for the use and benefit of the respondent.

The parties may present to us a form of decree in accordance with this opinion.

*Burdick & MacLeod,* for complainant.
*Howard B. Gorham,* for respondent.